**Chester Wheeler CAMPBELL, Plaintiff,**

**v.**

**Ralph B. GUY, Jr., et al., Defendants.**

**Civ. A. No. 80–74592.**

United States District Court,
E. D. Michigan, S. D.

July 2, 1981.

Chester Wheeler Campbell, in pro. per.

Geneva Halliday, Asst. U. S. Atty., Detroit, Mich., for defendants.

## ORDER OF DISMISSAL AS TO DEFENDANT MARGETIN

JULIAN ABELE COOK, Jr., District Judge.

On December 8, 1980, Plaintiff filed a Complaint with this Court, alleging violations of his Constitutional rights as the result of illegal conduct by the designated Defendants, as well as "others known to the defendant, but presently unknown to Plaintiff," between February 6, 1975 and April 4, 1975. On April 17, 1981, Defendant Margetin and the other named Defendants filed a Motion to Dismiss Or in the Alternative

Motion for Summary Judgment, contending, in part, that Plaintiff's claims are barred by the applicable statute of limitations.

On June 29, 1981, this Court entered an Order of Dismissal as to Defendants Guy, Van Dam, Robinson, Van Tiem, Gilman and Gold.

Margetin argues that a limitation period of two years [malicious prosecution: Mich. Comp. Laws § 600.5805(2) or misconduct by sheriffs: Mich.Comp. Laws § 600.5805(4)] or three years [Mich.Comp. Laws § 600.5805(4) or § 600.5805(7)] is appropriate. Plaintiff counters that he is entitled to invoke the tolling statute [Mich.Comp. Laws § 600.-5851] which permits an action to be brought until one year after the disability is removed.

■ In the absence of a specific limitations statute, the instant cause is controlled by the applicable statute of limitations which the forum state would apply if similar relief had been sought in a state court, *Carmicle v. Weddle*, 555 F.2d 554 (6th Cir. 1977). The application of either limitation period, as urged by Defendant, would preclude suit at this time. In *Bivens*-type actions, this Court has applied Mich.Comp. Laws § 600.5805(7) which covers "all other actions to recover damages to injuries to persons and property," *see Collier v. Guy, et al*, Civil No. 74–71921 (E.D.Mich.1981).

Mich.Comp. Laws § 600.5851 (1972) provides, in pertinent part:

(1) If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed . . . to make the entry or bring the action although the period of limitations has run. . . .

(3) To be deemed a disability, the infancy, insanity or imprisonment must exist at the time the claim accrues . . . .

In the instant case, it is uncontroverted that (1) Plaintiff was in custody awaiting trial when the alleged violations occurred, and (2) he has been imprisoned at various state and federal correctional institutions since his conviction.

Therefore, the sole issue before this Court is whether a prisoner, who initiates a 42 U.S.C. § 1983 action, may rely on Michigan's tolling statute to claim disability because of his imprisonment.

■ The federal courts generally apply the law of the forum state for tolling its statute of limitations. *Board of Regents v. Tomanio*, 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980); 42 U.S.C. § 1988. The *Tomanio* Court, citing its earlier opinion in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975), explained an exception to that general rule:

In another action subject to § 1988, we held that the state statute of limitations and the state tolling rule governed federal actions brought under 42 U.S.C. § 1981 *except when "inconsistent with the federal policy underlying the cause of action under consideration."* (emphasis added)

The reasoning of *Tomanio*, though factually inapposite to the instant cause, is, nevertheless, helpful to this Court. *Tomanio* involved a chiropractor's attempt to obtain a New York State license. In 1971, Tomanio, unsuccessful in her efforts to obtain a license from the State Licensing Board, commenced legal proceedings in the state court. When the New York Court of Appeals affirmed the Board's decision in 1975, Tomanio sought a federal remedy pursuant to 42 U.S.C. § 1983. The District Court held that the limitations statute was tolled during the pendency of the state court litigation, even though the New York statute disfavored tolling for one action while a second action was pursued. The Second Circuit affirmed the District Court, citing the federal policy of encouraging initial resort to state remedies. The Supreme Court reversed. Justice Rehnquist, delivering the Court's Opinion, instructed that the state tolling statute will not be applied where it was inconsistent with the federal policies which underlie § 1983:

In order to gauge consistency, of course, the state and federal policies which the

respective legislatures ought to foster must be identified and compared. On many prior occasions, we have emphasized the importance of the policies underlying state statutes of limitations. Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system.... Thus in the judgment of most legislatures and courts, there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely to either impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious.

*Id.*

In *Miller v. Smith*, 615 F.2d 1037 (5th Cir. 1980), a state prisoner brought a § 1983 action against a police officer, claiming unlawful arrest. Defendants moved for a dismissal of the Complaint, arguing that the applicable two-year statute of limitations had run. The District Court agreed. An appeal was taken by Plaintiffs who contended that the Texas tolling statute, *Vernon's Ann.Tex.Stats. Art.* 5535, preserved the action. The Court of Appeals vacated and remanded, holding, in part, that Plaintiff "should be entitled to invoke tolling as to any period while he was in prison and before access to the federal courts was freely available to state prisoners. If such access was freely available for more than two years prior to [the date when this action was commenced], then his suit was barred when filed."

However, after *Tomanio* was handed down, the Fifth Circuit modified its earlier decision, "We are now of the opinion that under the teachings of *Tomanio* the prisoner was entitled to the benefit of a Texas tolling statute according to its express terms." *Miller v. Smith*, 625 F.2d 43 (5th Cir. 1980).

In a pre-*Tomanio* decision, the Sixth Circuit Court of Appeals, applying Tennessee law in *Williams v. Hollins*, 428 F.2d 1221 (6th Cir. 1970), refused to permit tolling of the state statute due to incarceration. *See also Meyer v. Frank*, 550 F.2d 726, 730 (2d Cir. 1977), *cert. denied*, 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 90 (1978), citing *Order of Railroad Telegraphers v. Railway Express Agency, Inc.*, 321 U.S. 342, 348–49, 64 S.Ct. 582, 586, 88 L.Ed. 788 (1966). The Sixth Circuit has not addressed this issue since *Tomanio*.

The policies that underlie § 1983 in this factual context include the compensation of prisoners whose federal rights have been violated, as well as the prevention of an abuse of power by those acting under color of law. The tolling policy is based on the value judgment that a temporary disability in bringing action should not relieve alleged wrongdoers from liability. For this reason, the Michigan statute permits actions to be brought within one year after the disability is cured.

■ Incarceration, in many instances, is a disability to the commencement of legal action which properly tolls the running of a statute of limitations due to lack of free access to the Courts. However, it begs reason to suggest that incarceration *per se* is a disability as to causes of action which have been brought pursuant to 42 U.S.C. § 1983. The prosecution of meritorious claims by prisoners in the § 1983 context attest to the fact that, in many instances, the federal judicial system has cured the historic disability which incarceration engendered. Just as in Texas, Michigan's ancient and obsolete incarceration disability was left intact after the enactment of P.A. 1972, No. 87, which narrowed the infancy disability from 21 years to 18 years.

■ In order to determine if Plaintiff can justifiably claim that he has been under a disability which would invoke the application of a tolling statute, it is necessary to evaluate all of the pertinent and relevant circumstances surrounding the issue.

The Court notes that, in addition to the instant cause, this Plaintiff has filed nineteen (19) lawsuits with this Court since 1960, fourteen (14) of which have been initiated since 1975; to wit:

| | |
|---|---|
| 19854 | In Re Campbell (Writ of Habeas Corpus) |
| 27238 | In Re Campbell (Writ of Habeas Corpus) |
| 27573 | Campbell v. Krause |
| 28569 | Campbell v. Kropp |
| 32641 | Campbell v. Gribbs |
| 75–70383 | Campbell v. Hathaway |
| 75–70482 | Campbell v. United States |
| 75–71161 | Campbell v. Ingraham |
| 75–71162 | Campbell v. Walsh |
| 75–71163 | Campbell v. Walsh |
| 75–71262 | Campbell v. Gilbert |
| 76–72067 | Campbell v. Egeler |
| 76–72640 | Campbell v. Van Dam |
| 77–70738 | Campbell v. Spreen |
| 79–70748 | Campbell v. Anderson |
| 79–71120 | Campbell v. State of Michigan |
| 80–71004 | Campbell v. Anderson |
| 80–71718 | Campbell v. Kelly |
| 80–71719 | Campbell v. McConnell |

The earlier legal proceedings, as well as the proceedings in the instant cause, display Plaintiff's depth of understanding of, and a sophistication in, the law that many experienced practicing attorneys might well envy.

This Plaintiff, presumably well aware of his legal recourse under 42 U.S.C. § 1983 and demonstrably possessed with free access to the legal system, waited for a period of approximately five and one-half (5½) years to initiate this action. In *Meyer v. Frank, supra,* 550 F.2d at 730, the Court stated:

> The policy of repose behind the statute of limitations protects defendants "by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared."

Accordingly, the Court finds that the Michigan tolling rule, when limited to these facts, is inconsistent with federal policy and law, pursuant to 42 U.S.C. § 1983.

This Court finds that Plaintiff has not suffered a disability which would justify his application of the Michigan tolling statute.

IT IS, THEREFORE, ORDERED that the Motion to Dismiss, heretofore filed by Defendant Margetin, shall be, and is, granted for the reasons as indicated hereinabove.