HAWKINS v JUSTIN

Docket No. 51445. Submitted June 9, 1981, at Lansing.—Decided September 22, 1981.

Lonnie Hawkins, while an inmate at Southern Michigan Prison, testified as a witness at a criminal trial. James M. Justin, an assistant prosecutor for Jackson County at the time, wrote a letter to the warden of Southern Michigan Prison stating that it appeared that Hawkins had actively committed perjury during his testimony. Hawkins learned of this letter nearly two years later while reviewing his prison file. He sought a retraction from Justin and when Justin did not comply, Hawkins brought a libel action against him in Jackson Circuit Court. Justin moved for accelerated judgment. The circuit court found that the statute which tolls the statute of limitations for incarcerated persons constituted a denial of equal protection and was unconstitutional. Therefore, the one-year statute of limitations applicable to libel actions having run, plaintiff's cause of action was barred. Accelerated judgment was granted in favor of defendant, Jack W. Warren, J. Plaintiff appeals. *Held:*

1. The trial court erred in finding the tolling provision unconstitutional as a denial of equal protection.

2. The tolling provision provides for a disability in favor of all who are incarcerated when a cause of action accrues and does not require a showing of a special disability. The statute is applicable in this case.

Reversed and remanded for trial.

1. LIBEL AND SLANDER — LIMITATION OF ACTIONS — STATUTES.

The statute of limitations for a libel action is one year from the time of publication even though the person defamed has no

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 50 Am Jur 2d, Libel and Slander § 390.

"Publication" of libel for purposes of statute of limitations.

[2] 16A Am Jur 2d, Constitutional Law § 747.

[3, 4] Imprisonment of party to civil action as tolling statute of limitations. 77 ALR3d 735.

knowledge thereof until sometime afterwards (MCL 600.5805[7], 600.5827; MSA 27A.5805[7], 27A.5827).

2. CONSTITUTIONAL LAW — EQUAL PROTECTION — LEGISLATIVE CLASSIFICATIONS.

Traditional equal protection analysis requires that a legislative classification be sustained if the classification itself is rationally related to a legitimate governmental interest.

3. ACTIONS — PRISONERS — LIMITATION OF ACTIONS — TOLLING — STATUTES.

The purpose of the statutory provision which tolls the limitations period in favor of persons imprisoned at the time of the accrual of their cause of action is to recognize that persons in prison are under a disability in that their freedom has been restricted and their access to the judicial process has been impaired and to provide such persons with additional time to assert their legal rights (MCL 600.5851; MSA 27A.5851).

4. ACTIONS — PRISONERS — LIMITATION OF ACTIONS — TOLLING — STATUTES.

The statutory provision which tolls the limitations period in favor of persons imprisoned at the time of the accrual of their cause of action provides for a disability in favor of all who are incarcerated when a cause of action accrues and does not require a showing of a special disability (MCL 600.5851; MSA 27A.5851).

*William H. Van Duzer* and *James F. Van Dam,* for plaintiff.

*Stanton, Bullen, Nelson, Moilanen & Klaasen, P.C.,* for defendant.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiff, Lonnie Hawkins, testified as a witness in a criminal trial held on January 26, 1976. He was at that time and still is incarcerated at Southern Michigan Prison. On May 18, 1976, defendant, James M. Justin, who was an

* Circuit judge, sitting on the Court of Appeals by assignment.

assistant prosecutor for Jackson County at that time, wrote a letter to the warden of Southern Michigan Prison in which he stated that the plaintiff appeared to have actively committed perjury during his testimony at trial.

This letter was placed in plaintiff's prison file and, on October 4, 1978, pursuant to the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* plaintiff petitioned to examine his file. On October 3, 1979 (approximately one month after plaintiff had sought a retraction from defendant), plaintiff filed a libel action against defendant based on the letter that defendant wrote to the warden.

Following a hearing, the trial court entered accelerated judgment in favor of the defendant based upon two findings pertinent to this appeal: (1) that the one-year statute of limitations applicable to libel actions had run and barred plaintiff's suit (MCL 600.5805[7]; MSA 27A.5805[7] [as amended by 1978 PA 495], MCL 600.5827; MSA 27A.5827), and (2) that MCL 600.5851; MSA 27A.5851, which tolls the statute of limitations for incarcerated persons, constituted a denial of equal protection and thus was unconstitutional. This Court granted plaintiff's delayed application for leave to appeal.

We have consolidated the several issues stated by the parties into the following question: Did the trial court err in ruling that the tolling provision of MCL 600.5851; MSA 27A.5851, which extends the limitations period for persons who are incarcerated when a cause of action accrues, was unconstitutional as a denial of equal protection and thus did not prevent the statute of limitations from running against plaintiff in this libel action?

There is no dispute that this libel action is

governed by a one-year statute of limitations, MCL 600.5805(7); MSA 27A.5805(7). The period of limitations runs from the time the claim accrues which in the case of libel is from the time of publication even though the person defamed has no knowledge thereof until sometime afterwards. MCL 600.5827; MSA 27A.5827. *Grist v The Upjohn Co,* 1 Mich App 72; 134 NW2d 358 (1965).

In the instant case, where publication occurred on May 18, 1976 (the day that the alleged libelous letter was written), the period of limitations began to run on that date and plaintiff's cause of action was barred by the statute on May 18, 1977. Therefore, unless some exception applied, plaintiff's failure to bring suit prior to May 18, 1977, barred his cause of action against defendant.

Plaintiff claims error in the trial court's refusal to apply MCL 600.5851; MSA 27A.5851, a statutory provision which tolls the statute of limitations in favor of persons imprisoned at the time of the accrual of their cause of action. The basis for the trial court's refusal to apply this statute was its finding that the statute was unconstitutional as a denial of equal protection. The statute provides in pertinent part:

"(1) If the person first entitled to make an entry or bring an action is under 18 years of age, insane or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. This section does not lessen the time provided in section 5852.

\* \* \*

"(3) To be deemed a disability, the infancy, insanity or imprisonment must exist at the time the claim accrues. If it comes into existence after the claim has

accrued it shall not be recognized under this section for the purpose of modifying the period of limitations."

The scope of judicial review of equal protection challenges to socioeconomic legislation was stated in *O'Brien v Hazelet & Erdal,* 410 Mich 1, 13; 299 NW2d 336 (1980), as follows:

"Under traditional equal protection analysis, a legislative classification must be sustained, if the classification itself is rationally related to a legitimate governmental interest." (Quoting *Shavers v Attorney General,* 402 Mich 554, 612-613; 267 NW2d 72 [1978].)

We first must identify the governmental interest underlying this challenged statute and the objective which this legislation sought to achieve. Our review persuades us that the purpose of the statute in question is to recognize that persons in prison are under a disability in that their freedom has been restricted and their access to the judicial process has been impaired and to provide such persons with additional time to assert their legal rights. There is no question that the Legislature had the power to enact this statute and determine the conditions under which a right may accrue and the period in which a right may be asserted. *O'Brien, supra.*

Defendant correctly argues that prisoners today are generally less isolated and less restricted than they were historically. Certainly the increased right to counsel, the right to have transcripts to trial records, and the access to law libraries have rendered prisoners much less isolated and restricted. This fact alone, however, does not render the statute unconstitutional. The Legislature still could have determined rationally that prisoners are more restricted than ordinary citizens and

thus in need of the special protection afforded by the statute. The Legislature reasonably could have found that, notwithstanding the ability of prisoners to obtain legal counsel and have access to the judicial process, they still have restraints imposed by their confinement which places them at a disadvantage compared to ordinary citizens.

We also find it worthy of note that this statute has been reviewed by the Legislature in 1961 and as recently as 1972, when it was amended. In fact, it appears from the Committee Comment, MCLA 600.5851, p 914, that the changing circumstances of prisoners was recognized and considered in revising the statute. The comment states:

"Section 5851 is based on §§ 609.5, 609.6 and 609.15 of CL 1948. However, the present law is changed substantially. *The period in which an action can be brought after a disability has been removed has been reduced from the present five years for real actions, and the present period of original limitation in personal actions, to one year* for all actions. At the present time infants and insane persons are able to bring actions through their guardians and *even prisoners can bring civil actions, though they may not be allowed to be personally present, so it is not as necessary to provide long periods after the removal of the disability in which to sue as it was in the past when these disabilities were considerably more real.* Nevertheless, it was considered better to allow a short period after the termination of the disability in which the person under the disability could bring an action." (Emphasis added.)

It appears to us from our review that the purpose of the statute is to provide prisoners with additional time to assert their legal rights and this purpose could reasonably be based upon the fact that prisoners have restricted access to the judicial system due to their confinement. For this reason,

we conclude the trial court erred in finding MCL 600.5851; MSA 27A.5851 unconstitutional as a denial of equal protection.

Alternatively, defendant argues that the statute should not be applied generally but only in specific instances of disability and relies upon the following specific language of the statute:

"* * * the person * * * imprisoned * * * shall have 1 year after his disability is removed through death *or otherwise,* to * * * bring the action * * *."

We disagree and would interpret the word "otherwise" as referring to the prisoner's release from prison. Further, absent more specific language indicating the statute should be applied on a case-by-case basis, we hold it should be applied generally to all prisoners. Nor, in this regard, do we deem the fact that plaintiff brought suit while still in prison to have any effect upon our interpretation. See 51 Am Jur 2d, Limitation of Actions, § 181, p 749, § 192, p 760.

We are persuaded that the language of the statute provides for a disability in favor of all who are incarcerated when a cause of action accrues and does not require a showing of a special disability. We thus hold the statute applicable to the instant case and reverse the decision of the trial court.

Reversed and remanded for trial. No costs.