**Stanley L. HUGHES, Appellant,**

v.

**SHERIFF OF FALL RIVER COUNTY JAIL and Jeff Tarell, Jailer Fall River County Jail, Appellees.**

No. 86–5296.

United States Court of Appeals, Eighth Circuit.

Submitted March 11, 1987.
Decided March 24, 1987.

Scott D. Kading, Sioux Falls, S.D., for appellant.

Michael J. Schaffer, Sioux Falls, S.D., for appellees.

---

Before ARNOLD and FAGG, Circuit Judges, and LARSON,* Senior District Judge.

ARNOLD, Circuit Judge.

Plaintiff Stanley L. Hughes, a South Dakota State Penitentiary inmate, appeals the District Court's grant of summary judgment to the defendants in this action under 42 U.S.C. § 1983, the Sheriff of Fall River County Jail, and Jeff Tarell, Jailer of the Fall River County Jail. The District Court held that Hughes's action was barred by the applicable statute of limitations. Hughes contends that he is entitled to the benefit of a South Dakota tolling statute, S.D.C.L. 15–2–22(3), which, with certain restrictions, exempts periods of imprisonment from the time limited for commencing an action. Hughes maintains that the District Court erred in applying a provision of this statute which states that it is inapplicable to federal civil-rights claims, arguing that this provision is inconsistent with federal law. We agree, and therefore reverse.

I.

Hughes was arrested for the crimes for which he is presently imprisoned late in the summer of 1982, and was incarcerated in the Fall River County Jail. Hughes alleges that he was raped by his cellmate in the jail on three successive days, September 9, 10, and 11, 1982. Hughes further alleges that he informed the jailer of the rapes upon each occurrence. The jailer, however, refused to move Hughes or otherwise provide adequate protection for Hughes from his cellmate's attacks, according to the complaint.

Hughes commenced this action in January 1986, over three years after the rapes. The defendants moved for summary judgment on statute-of-limitations grounds, arguing that either S.D.C.L. § 15–2–15.2, which purports to establish a two-year statute of limitations for claims under the federal civil-rights statutes, or S.D.C.L. § 15–2–14, which establishes a three-year limitations period for personal-injury claims, applied and barred the suit.[1] The District Court, noting that *Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), establishes that the statute of limitations for § 1983 actions is the state statute of limitations for personal-injury actions, ruled that the three-year statute applied, and that Hughes's action was barred unless the running of this statute had been tolled.

Hughes asserted that his imprisonment had tolled the running of the statute by virtue of S.D.C.L. § 15–2–22(3). This statute provides that if a person entitled to bring an action is, at the time the cause of action accrues, imprisoned on a criminal charge or in execution of a sentence of a criminal court for a term less than life, the period of this disability is not part of the time limited for commencing the action, except that the period cannot be extended more than five years in all, or longer than one year after the disability ceases. Section 15–2–22 further provides, however, that the provisions of subdivision 15–2–22(3) "do not apply to federal civil rights cases." [2] Hughes maintained that this ex-

---

*The Hon. Earl R. Larson, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. Effective July 1, 1986, S.D.C.L. § 15–2–15.2 was amended to provide a three-year period for federal civil-rights actions, the same period that governs personal-injury actions under § 15–2–14. However, this amendment was, by its terms, only prospective, and so has no application to Hughes's claim.

2. S.D.C.L. § 15–2–22 states in full:

   If a person entitled to bring an action other than for the recovery of real property, except for a penalty or forfeiture or against a Sheriff or other officer for an escape, be at the time the cause of action accrued, either:

   (1) Within the age of minority as defined in Chapter 26–1;

   (2) Mentally ill; or

   (3) Imprisoned on a criminal charge; or in the execution of a sentence of a criminal court for a term less than his natural life; the time of such disability is not part of the time limited for the commencement of the action.

   The period within which the action must be brought cannot be extended more than five years by any such disability except infancy, nor can it be extended in any case longer than one year after the disability ceases.

clusion of federal civil-rights claims was not consistent with federal law, and therefore should not be applied to prevent tolling of the statute of limitations on his claim. The District Court disagreed, applied the state rule excluding federal civil-rights claims from the effect of its tolling statute, and held Hughes's action barred by the statute of limitations.

## II.

Congress did not establish any specific statute of limitations or body of tolling rules for actions brought under the Reconstruction Civil Rights Acts. In such circumstances, "the settled practice has been to adopt a local time limitation as federal law *if it is not inconsistent with federal law or policy to do so.*" *Wilson,* 471 U.S. at 266–67, 105 S.Ct. at 1942 (emphasis added); see *Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1794–95, 64 L.Ed.2d 440 (1980). Congress has endorsed this practice for claims under the Reconstruction Civil Rights Acts, providing in 42 U.S.C. § 1988 that where no suitable federal rule exists, rules of decision for such claims should be derived by incorporating the law of the forum state, "so far as [the state's law] is not inconsistent with the Constitution and laws of the United States." See *Wilson,* 471 U.S. at 267, 105 S.Ct. at 1942; *Burnett v. Grattan,* 468 U.S. 42, 47–48, 104 S.Ct. 2924, 2928, 82 L.Ed.2d 36 (1984). State statutes of limitations and tolling laws are inconsistent with federal law, and therefore not properly borrowed to govern federal claims, if they are inconsistent with the policies underlying the federal cause of action at issue, *Burnett,* 468 U.S. at 52–55, 104 S.Ct. at 2930–32; *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975), or, more important in the present case, if they express hostility towards or discriminate against

The provisions of this section shall not apply to actions for the foreclosure of any real estate mortgage, by action or by advertisement.

The provisions of subdivision (3) do not apply to federal civil rights cases.

federal rights. *Wilson,* 471 U.S. at 276, 105 S.Ct. at 1947; *Johnson v. Davis,* 582 F.2d 1316, 1318–19 (4th Cir.1978).

Thus, in *Republic Pictures Corp. v. Kappler,* 151 F.2d 543 (8th Cir.1945), *aff'd per curiam without opinion,* 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991 (1946), a case brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* this Court refused to apply an Iowa statute that prescribed a six-month statute of limitations for federal statutory claims, while a five- or ten-year limitations period governed analogous contract claims under Iowa law. We stated:

A state may not discriminate against rights accruing under federal laws. *McKnett v. St. Louis & S.F.R. Co.,* 292 U.S. 230 [54 S.Ct. 690, 78 L.Ed. 1227] [ (1934) ]; *Pufahl v. Estate of Parks,* 299 U.S. 217 [57 S.Ct. 151, 81 L.Ed. 133] [ (1936) ]....

... [Plaintiff's] claim or cause of action is discriminated against solely because it arises under a federal statute. This discriminatory treatment ... in effect makes inferior congressional enactments and rights which under our jurisprudence are intended to be paramount and supreme....

Here, the state has singled out federal claims ... as such and has prescribed a shorter period of limitations for the bringing of such actions than that prescribed for the bringing of similar actions arising or based upon other than federal laws. The statute violated Article 6 of the Constitution ... [and] would result in denying to those seeking to assert such claims, the equal protection of the law. 14th Amendment, Constitution, Sec. 1.... (citations omitted).

151 F.2d at 546–47.[3]

S.D.C.L. § 15–2–22 works a similar discrimination against federal rights. Had

---

**3.** The Supreme Court's per curiam affirmance simply cites to certain pages of three earlier cases. 327 U.S. 757, 66 S.Ct. 523, 90 L.Ed. 991, citing *McKnett,* 292 U.S. at 234, 54 S.Ct. at 692; *Pufahl,* 299 U.S. at 227, 57 S.Ct. at 157; and *Miles v. Illinois C.R. Co.,* 315 U.S. 698, 704, 62 S.Ct. 827, 830, 86 L.Ed. 1129 (1942). The con-

Hughes brought suit under South Dakota tort law for precisely the same occurrences and actions that are the subject of his 42 U.S.C. § 1983 claim, he would have had the benefit of the tolling effects of § 15–2–22. However, solely because he has sued under a federal civil-rights statute, § 15–2–22 would not toll the statute on Hughes's action. South Dakota has singled out federal claims, subjecting them to more restrictive tolling provisions than those governing analogous state-law claims. Section 15–2–22's exclusion of federal civil-rights claims from the tolling effects of § 15–2–22(3) is thus inconsistent with federal law, and should not be incorporated to govern federal civil-rights claims.

*Chambers v. Omaha Public School District,* 536 F.2d 222, 228 (8th Cir.1976), cited by the defendants, is not contrary to our decision here. *Chambers* involved racial discrimination and First Amendment claims under 42 U.S.C. § 1983. In *Chambers,* which was decided some years before the Supreme Court made clear in *Wilson* that, generally, all § 1983 actions were to be governed by state statutes of limitations for personal-injury claims, we found no Nebraska causes of action that were analogous to the claims at issue, and therefore approved the application of a Nebraska statute that provided for a three-year statute of limitations for federal statutory claims. In so holding, we expressly noted that since the plaintiffs had identified no analogous state-law claims, necessarily no analogous state claims had been given preferential treatment. 536 F.2d at 228–30. See *Matthewman v. Akahane,* 574 F.Supp. at 1520–21 & n. 20. Here, in contrast, South Dakota has clearly given preferential treatment to analogous state-law claims.

The defendants point out that the rule tolling the statute of limitations during imprisonment stems from the common-law doctrine that a prisoner is *civiliter mortuus* (civilly dead) and therefore unable to sue. See *Hawthorne v. Wells,* 761 F.2d 1514, 1515 (11th Cir.1985). The defendants

further observe that this common-law doctrine no longer holds sway, and that prisoners may and frequently do sue. They conclude that it is therefore not necessary that there be any tolling provision for imprisonment. However, this does not rectify the shortcomings of S.D.C.L. § 15–2–22. That it is permissible for there to be no tolling provision does not mean that a state may provide tolling for state claims but refuse to do so for analogous federal claims and have this discrimination against federal claims incorporated as federal law.

The defendants also point out that the Court in *Hawthorne, supra,* refused to incorporate a Georgia tolling provision for imprisonment to govern federal civil-rights claims because it was inconsistent with federal policies. 761 F.2d at 1517. See also *Campbell v. Guy,* 520 F.Supp. 53 (E.D. Mich.1981), *aff'd,* 771 F.2d 1055 (6th Cir. 1983), *cert. denied,* 464 U.S. 1051, 104 S.Ct. 731, 79 L.Ed.2d 190 (1984). The tolling provisions in *Hawthorne* and *Campbell* would have tolled the statute of limitations for the entire duration of the prisoner's incarceration, a period that could be measured in decades. The courts concluded that, at least where prisoners were not actually disabled from bringing lawsuits, tolling statutes that permit claims to lie dormant for such long periods are inconsistent with federal policies of repose, see *Tomanio,* 446 U.S. at 488, 100 S.Ct. at 1797; *Wilson,* 471 U.S. at 271, 105 S.Ct. at 1944, and with policies of deterrence underlying federal civil rights laws. *Hawthorne,* 761 F.2d at 1517; *Campbell,* 520 F.Supp. at 55–56. The South Dakota tolling provision, however, avoids this problem by limiting the total tolling period to a maximum of five years; thus, a § 1983 claim would in any case have to be brought within eight years of accrual, and this period is not so long as to render the provision inconsistent with federal policies of repose.

The defendants have also made a number of other arguments, none of which we consider substantial. We express our grati-

---

tent of the passages cited makes clear the Supreme Court's approval of our anti-discrimina-

tion rationale. *Matthewman v. Akahane,* 574 F.Supp. 1510, 1518–19 (D.Haw.1983).

tude to appellant's court-appointed counsel for his services.

### III.

We therefore conclude that Hughes was entitled to have the statute of limitations on his claim tolled under S.D.C.L. § 15–2–22, and reverse the District Court's grant of summary judgment to the defendants. The case is remanded for further proceedings consistent with this opinion.