EVANS v HEBERT

Docket No. 139083. Submitted May 12, 1993, at Detroit. Decided
    February 7, 1994, at 9:10 A.M.

    Kevin Evans brought an action in the Oakland Circuit Court
    against Oak Park police officer Kevin Hebert and others, alleg-
    ing intentional infliction of emotional distress, assault and
    battery, deprivation of his constitutional rights, and conspiracy
    to deprive him of his constitutional rights. The action related to
    the circumstances surrounding his arrest and detention for
    unarmed robbery. The court, John N. O'Brien, J., granted
    summary disposition for the defendants, ruling that the action
    was barred by the applicable statute of limitations inasmuch as
    the plaintiff's pretrial detention did not toll the statute of
    limitations. The plaintiff appealed.

        The Court of Appeals held:

        MCL 600.5851; MSA 27A.5851 provides in part that if a
    person entitled to bring an action is imprisoned at the time the
    claim accrues, the person or those claiming under the person
    shall have one year after the disability is removed through
    death or otherwise to bring the action although the period of
    limitation has run. An analysis of the legislative history of
    § 5851 and antecedent statutes that similarly had extended
    periods of limitation in cases of disability because of imprison-
    ment indicates that pretrial detention is not imprisonment for
    purposes of § 5851.

        Affirmed.

LIMITATION OF ACTIONS — STATUTES OF LIMITATION — TOLLING —
    IMPRISONMENT — PRETRIAL DETENTION.

    Pretrial detention does not constitute imprisonment for purposes
    of the statutory provision that tolls limitation periods for
    persons imprisoned at the time their causes of action accrue
    (MCL 600.5851; MSA 27A.5851).

*Ernest L. Jarrett,* for the plaintiff.

REFERENCES

Am Jur 2d, Limitation of Actions § 192.
Imprisonment of party to civil action as tolling statute of limita-
    tions. 77 ALR3d 735.

*Gina U. Puzzuoli,* for the defendants.

Before: NEFF, P.J., and MARILYN KELLY and WHITE, JJ.

WHITE, J. Plaintiff Kevin Evans appeals a circuit court order granting defendant Oak Park police officers' motion for summary disposition of plaintiff's claims of tortious conduct and violation of his constitutional rights. The trial court concluded that the action is barred by the statute of limitations, rejecting plaintiff's contention that he is entitled to the benefit of the disability provision of MCL 600.5851; MSA 27A.5851 because he was in continuous custody from the time his cause of action arose. The trial court adopted the Sixth Circuit Court of Appeals interpretation of the disability provision as set forth in *Jones v Hamtramck,* 905 F2d 908 (CA 6, 1989), and held that the provision does not apply to a person held in pretrial detention. Relying on contrary precedent from other jurisdictions and the asserted policy of the provision, plaintiff seeks reversal.

Plaintiff was arrested by defendant Berkley police officers Alford and Champine on March 16, 1987. Plaintiff alleges that after the officers arrested and handcuffed him, they proceeded to beat and vilify him, causing him to attempt escape out of fear for his life. Although he was briefly successful in escaping, he was apprehended by defendant Oak Park police officers, who had been alerted to his escape. Plaintiff alleges that upon his recapture, he was subjected to a second, more severe beating, which, in tandem with the first beating, resulted in serious and permanent injuries. Following his recapture, plaintiff was booked at a Berkley police station, and then transferred to the Oakland County Jail, where he remained until he

pleaded guilty of unarmed robbery. After sentencing, plaintiff was transferred to Ionia State Prison.

On December 27, 1989, plaintiff filed an action in federal court alleging claims under 42 USC 1983 and under Michigan common law. The complaint named as defendants the City of Berkley, the City of Berkley Police Department, and John Doe and John Roe, City of Berkley police officers. On August 9, 1990, plaintiff filed a motion to amend his complaint to identify defendants Alford and Champine, and to join the Oak Park defendants, among others. The City of Berkley opposed his motion as barred by the statute of limitations. Plaintiff argued that the statute had been tolled by his disability of imprisonment under MCL 600.5851; MSA 27A.5851. However, bound by *Jones, supra,* the federal district court denied plaintiff's motion to amend his complaint.

On December 12, 1990, plaintiff filed the instant action in the Oakland Circuit Court, alleging intentional infliction of emotional distress, assault and battery, deprivation of constitutional rights, and conspiracy to deprive constitutional rights. In response to defendants' motions for summary disposition, the trial court ruled on February 20, 1991, that although it was not bound by federal precedent, it was persuaded by the reasoning of the Sixth Circuit Court of Appeals in *Jones, supra.* In an order dated March 12, 1991, plaintiff's claims against defendant Oak Park police officers were dismissed. His claims against defendant Berkley police officers were dismissed in a separate order. Plaintiff appeals the March 12 order; he does not seek review with regard to the Berkley officers.

The statute in issue provides:

(1) [I]f the person first entitled to make an entry

or bring an action is under 18 years of age, insane, or imprisoned at the time the claim accrues, the person or those claiming under the person shall have 1 year after the disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run.
. . .

\* \* \*

(3) To be deemed a disability, the infancy, insanity, or imprisonment must exist at the time the claim accrues. If the disability comes into existence after the claim has accrued, the disability shall not be recognized under this section for the purpose of modifying the period of limitations. [MCL 600.5851; MSA 27A.5851.]

Just as state statutes of limitation apply to § 1983 personal injury claims, so too does the state's disability provision. *Wilson v Garcia,* 471 US 261, 275-276; 105 S Ct 1938; 85 L Ed 2d 254 (1985); *Hardin v Straub,* 490 US 536, 543; 109 S Ct 1998; 104 L Ed 2d 582 (1989); *Univ of New York Bd of Regents v Tomanio,* 446 US 478; 100 S Ct 1790; 64 L Ed 2d 440 (1980). This statute thus applies to all plaintiff's claims.

In *Hawkins v Justin,* 109 Mich App 743; 311 NW2d 465 (1981), this Court sustained the statute's constitutionality with regard to the disability of imprisonment, and also discussed its purpose:

Our review persuades us that the purpose of the statute in question is to recognize that persons in prison are under a disability in that their freedom has been restricted and their access to the judicial process has been impaired and to provide such persons with additional time to assert their legal rights. There is no question that the Legislature had the power to enact this statute and determine the conditions under which a right may accrue and the period in which a right may be asserted. [*Id.* at 747.]

The Court then observed:

> Defendant correctly argues that prisoners today are generally less isolated and less restricted than they were historically. Certainly, the increased right to counsel, the right to have transcripts to trial records, and the access to law libraries have rendered prisoners much less isolated and restricted. This fact alone, however, does not render the statute unconstitutional. The Legislature still could have determined rationally that prisoners are more restricted than ordinary citizens and thus in need of the special protection afforded by the statute. The Legislature reasonably could have found that, notwithstanding the ability of prisoners to obtain legal counsel and have access to the judicial process, they still have restraints imposed by their confinement which places them at a disadvantage compared to ordinary citizens. [*Id.* at 747-748.]

The Court then held that "the statute should be applied generally to all prisoners" rather than case by case, even where the plaintiff brought suit while still in prison. *Id.* at 749. Finally, the Court said:

> We are persuaded that the language of the statute provides for a disability in favor of all who are incarcerated when a cause of action accrues and does not require a showing of a special disability. [*Id.*]

Apart from the *Hawkins* decision, judicial interpretation of the statutory disability of imprisonment appears to have taken place entirely in the federal courts.[1] The issue here was addressed by

---

[1] *Wilson v Knight-Ridder Newspapers, Inc,* 190 Mich App 277; 475 NW2d 388 (1991), is the only Michigan case dealing with the statute's imprisonment provision. In that case, the statute did not apply because the plaintiff was not imprisoned until more than two years after his claim accrued. *Id.* at 279.

the Sixth Circuit Court of Appeals in *Jones, supra.*

In *Jones,* the plaintiff, a Michigan prisoner, brought a civil rights action against the City of Hamtramck and three of its police officers pursuant to 42 USC 1983, alleging deprivation of his constitutional rights during and immediately following an arrest. The suit was filed more than five years after the arrest. The district court dismissed the complaint as untimely and rejected the plaintiff's contention that, under MCL 600.5851; MSA 27A.5851, the three-year statute of limitations was tolled by his imprisonment. The issue presented to the appellate court was whether the statutory disability of imprisonment applied to a person who was "merely under arrest" at the time his claim accrued. *Jones, supra* at 908. The court held that the district court correctly concluded that Jones was not a prisoner when his cause of action accrued. *Id.* at 909. It distinguished *McCune v Grand Rapids,* 842 F2d 903, 907 (CA 6, 1988), in which dicta suggested that the disability of imprisonment under § 5851 applies from the time of the initial arrest where arrest is followed by detention. It concluded:

> The Michigan courts have construed the statute "according to its literal language to provide 'a disability in favor of *all who are incarcerated when a cause of action accrues.*'" *Perreault v Hostetler,* 884 F2d 267, 270 (6th Cir 1989) (emphasis in original), quoting *Hawkins v Justin,* 109 Mich App 743, 311 NW2d 465, 468 (1981). A pretrial detainee is not a person who has been "imprisoned" within the literal meaning of that term, and we have no reason to doubt the conclusion of the district judge that the Michigan courts would give the statute a literal interpretation. Because Mr. Jones' cause of action accrued before he was imprisoned, the tolling statute simply does not apply. [*Jones, supra* at 909.]

We agree with the Sixth Circuit Court of Appeals that in *Hawkins, supra,* this Court construed the disability statute "according to its literal language." We also agree that the language of *Mc-Cune, supra,* suggesting applicability of § 5851 from the time of arrest where that arrest is followed by detention was not essential to the holding in that case, and thus can be regarded as dictum.

However, we also note that in *Perreault v Hostetler,* 884 F2d 267, 270 (CA 6, 1989), cited in the concluding statements in *Jones,* the determinative fact in disposing of Perreault's § 5851 tolling argument was that his claims of police misconduct during his arrest arose *before he had actually been arrested and taken into custody. Perreault, supra* at 268-269. More importantly, we note that if the *Jones* court's decision intended to address all pre-trial detention, it adopted a stance directly contrary to the Sixth Circuit's earlier interpretation of the term "imprisoned" in Ohio's correlate to § 5851 in *Austin v Brammer,* 555 F2d 142 (CA 6, 1977).

In *Austin,* the plaintiff's claims under 42 USC 1983 and 1985 alleging police misconduct during his trial (and thus before his conviction and sentence of imprisonment) had been dismissed by the district court as barred by the applicable statute of limitations, notwithstanding his claim of disability due to "imprisonment" first in the county jail, and subsequently in the Ohio prison system. The disability statute in question provided:

> Unless otherwise specially provided in [the applicable sections] of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of

minority, of unsound mind, *or imprisoned,* such person may bring it within the respective times limited by such sections, after such disability is removed. [*Austin, supra* at 143, quoting Ohio Rev Code § 2305.16; emphasis supplied.]

The *Austin* court observed:

While no findings were made by the district court, it would appear that it was persuaded by the arguments of defendants that the tolling statute would not apply to the facts of this case because the disability of imprisonment did not exist at the time of the accrual of the cause of action, but rather only took place after the defendant had been sentenced following his conviction.

It is apparent from the plaintiff's pleadings that he claims at all times to have been in custody either in the county jail or in the Ohio correctional system. Since no evidentiary hearing was held, we must accept such averments as true for the purposes of the motion to dismiss. Defendants' claim that "imprisonment" within the meaning of the statute means only confinement in a penitentiary following conviction finds no support that we are aware of in Ohio law. . . . [*Id.* at 143.]

The *Austin* court accordingly concluded that

the dismissal of plaintiff's amended complaint on that basis without an evidentiary hearing or appropriate factual finding was inappropriate in the face of the claim that the statute was tolled by O.R.C. § 2305.16. [*Id.* at 144.]

Other jurisdictions offer support for viewing statutes that provide a grace period for "imprisoned" plaintiffs as extending to their period of pretrial detention. In *Knox v Cook Co Sheriff's Police Dep't,* 866 F2d 905 (CA 7, 1988), the Seventh Circuit Court of Appeals reversed the lower

court's dismissal of the plaintiff's § 1983 claim as time-barred. That claim challenged the validity of a search warrant issued on the day of the plain-. tiff's arrest. Under the applicable Illinois statute, which provided a two-year grace period if the plaintiff was "imprisoned on a criminal charge" at the time the action accrued,[2] the appellate court recognized a judicial "exception for plaintiffs imprisoned continuously from the time of their arrest." *Id.* at 907. In doing so, it adopted the rule set forth in two federal district court decisions, *Hurst v Hederman,* 451 F Supp 1354, 1355 (ND Ill, 1978), and *Nance v Lane,* 663 F Supp 33, 35 (ND Ill, 1987):

> Where a plaintiff is imprisoned from the date of his arrest (at which time a deprivation of civil rights occurred), he may bring a § 1983 action within two years after the disability is removed." [*Nance, supra* at 35.]

The reasoning behind the exception is that "uninterrupted incarceration prior to conviction is surely as much of a disability as post-conviction incarceration." *Hurst, supra* at 1355; *Knox, supra* at 907.

Likewise, in *Burrell v Newsome,* 883 F2d 416 (CA 5, 1989), the Fifth Circuit Court of Appeals ruled that the plaintiff's § 1983 claims of harassment during and following his arrest were protected by the Texas tolling provision for persons "imprisoned" at the time of accrual,[3] "being that he was apparently continuously in custody after the time of his arrest." *Id.* at 422.

By contrast, courts have been less liberal where the statute in question recognized a disability for

---

[2] Ill Rev Stat, ch 110, ¶ 13-211.

[3] Texas Civil Practice & Remedies Code, § 16.001(a)(2) (1985).

imprisonment "in the state's prison," see *Grooms v Fervida,* 182 Ind App 664; 396 NE2d 405 (1979), or "imprisoned on a criminal charge for any term less than for life," see *Whitson v Baker,* 755 F2d 1406 (CA 11, 1985) (after certification to the Supreme Court of Alabama, 463 So 2d 146 [1985]). But see *Bianchi v Bellingham Police Dep't,* 909 F2d 1316, 1318 (CA 9, 1990) (Washington statute tolling limitation period for a plaintiff "imprisoned on a criminal charge, or in execution under the sentence of a court for a term less than his natural life" applies to a plaintiff who has been "continuously imprisoned since his arrest").

Were our analysis to end here, we would adopt the approach of the Sixth Circuit Court of Appeals in *Austin, supra,* and those other courts that have held the term "imprisoned" extends to a plaintiff prisoner's period of pretrial detention. The reasoning expressed by the federal district court in *Hurst, supra,* and adopted by the Seventh Circuit Court of Appeals in *Knox, supra*—that uninterrupted incarceration before conviction is as much a disability as postconviction incarceration—echoes the observations of *Hawkins, supra,* concerning confinement by the state generally: those held in the state's custody are more restricted than ordinary citizens, and the restraints imposed by their confinement places them at a disadvantage compared to ordinary citizens. It could even be argued that pretrial detainees are *more* restricted in their access to the legal system than those imprisoned after conviction, precisely because those in prison are better able to exercise "the increased right to counsel, the right to have transcripts to trial records, and the access to law libraries" cited in *Hawkins. Id.* at 747.

However, our review of the history of the statute compels us to reach a contrary result. Before the

revision of the Judicature Act in 1961,[4] the disabilities recognized in § 5851 were found in three sections of the act and they extended the limitation periods applicable to three types of actions: actions to enter or regain possession of land, actions of ejectment, and personal actions. The section applicable to land recovery actions provided for a five-year grace period after removal of the disability for plaintiffs who were "within the age of 21 years, insane, *or imprisoned*" at the time their actions accrued[5] (emphasis added). The section applicable to actions of ejectment provided a three-year grace period for plaintiffs disabled by being, at the time of an ejectment judgment rendered by default:

> 1. Within the age of 21 years; or
> 2. Insane; or
> 3. *Imprisoned upon conviction of a criminal offense for any term less than for life.*[6] [Emphasis added.]

Finally, the section pertaining to personal actions tolled the applicable statutes of limitation until removal of disability:

> If any person entitled to bring any of the actions mentioned in this chapter shall, at the time when the cause of action accrues, be within the age of 21 years, insane, *or imprisoned in the state prison,* such person may bring the action within the times in this chapter respectively limited, after the disability shall be removed.[7] [Emphasis added.]

[4] 1961 PA 236.

[5] 1948 CL 609.5; 1929 CL 13968; 1915 CL 12315; also 1871 CL 7141; 1857 CL 5354; 1846 RS, ch 139, § 5.

[6] 1948 CL 629.32; 1929 CL 14934; 1915 CL 13199; also 1871 CL 6241; 1857 CL 4592; 1846 RS, ch 108, § 39.

[7] 1948 CL 609.15; 1929 CL 13978; 1915 CL 12325; also 1871 CL 7153; 1857 CL 5366; 1846 RS ch 140, § 6.

In 1961, the Legislature undertook "to revise and consolidate the statutes"[8] comprising the Judicature Act. The disability sections were revised and consolidated in § 5851 to provide a one-year grace period for plaintiffs disabled by infancy, insanity, or imprisonment at the time their action accrued. The resulting provision read essentially as it does today:

> If the person first entitled to make an entry or bring any action is under 21 years of age, insane, or imprisoned at the time his claim accrues, he or those claiming under him shall have 1 year after his disability is removed through death or otherwise, to make the entry or bring the action although the period of limitations has run. . . . [1961 PA 236, § 5851, effective January 1, 1963.]

In this new version of the disabilities provision, the phrases qualifying imprisonment no longer appear. In particular, the phrase "in the state prison" no longer describes imprisonment that extends limitation periods for personal actions. However, we believe the elimination of that phrase, and of "upon conviction of a criminal offense for any term less than life" previously found in another statute, did not change or enlarge the meaning of "imprisonment." Nothing in the legislative history indicates that the Legislature intended to enlarge the scope of the disabilities extending statutes of limitation to extend to persons incarcerated in a county facility. Rather, § 5851 was designed to consolidate and make uniform the various disability provisions, and no change in meaning was intended.

Nor should this Court's statements in *Hawkins v Justin* be understood to expand the Legislature's intent beyond the literal meaning of "imprisoned." The question of pretrial detention was not at issue

---

[8] 1961 PA 236, introductory paragraph.

there. The primary goal of judicial construction of statutes is to ascertain and give effect to the Legislature's intent. *In re Lee Estate,* 193 Mich App 586, 588; 484 NW2d 411 (1992). Nothing will be read into a statute that is not within the manifest intention of the Legislature as gathered from the act itself. *Jefferson Schools v Detroit Edison Co,* 154 Mich App 390, 393; 397 NW2d 320 (1986). While we find some merit in plaintiff's policy arguments, we are bound to honor the legislative intent.

Affirmed.