**John PEROTTI, Plaintiff,**

v.

**Robert CARTY, et al., Defendants.**

**No. C–1–86–0007.**

United States District Court,
S.D. Ohio W.D.

Oct. 6, 1986.

John Perotti, pro se.

Christian B. Stegeman, Asst. Atty. Gen., Cincinnati, Ohio, for defendants.

ORDER

HERMAN JACOB WEBER, District Judge.

This matter is before the Court upon a Report and Recommendation of the United States Magistrate (doc. no. 14). The Magistrate recommends that defendants' Motion for Summary Judgment (doc. no. 9) be granted and that plaintiff Perotti's Complaint be dismissed because plaintiff is barred from bringing this prisoner civil rights action as the Complaint was not filed within the one-year statute of limitations set forth in *Mulligan v. Hazard,* 777 F.2d 340 (6th Cir.1985).

Mr. Perotti has filed objections to the Report and Recommendation of the Magistrate (doc. nos. 17 and 19). Plaintiff contends that he is under disability and therefore the statute of limitations is tolled pursuant to Ohio Rev.Code § 2305.16. Plaintiff also maintains that the Magistrate erred considering his disability as an issue of fact rather than an issue of law.

A one-year statute of limitations period contained in Ohio Rev.Code § 2305.11 governs plaintiff's action. *Mulligan,* 777 F.2d at 344. The tolling of the statute of limitations is governed by Ohio Rev.Code § 2305.16. *See Bd. of Regents v. Tomanio,* 446 U.S. 478, 483, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). Ohio Rev.Code § 2305.16 provides in pertinent part:

Unless otherwise specially provided in sections 2305.04 to 2305.14, inclusive, and, sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed. When the interests of two

or more parties are joint and inseparable, the disability of one shall inure to the benefit of all.

The pertinent language of 2305.16 states that if a person is, at the time the cause of action accrues, imprisoned, such person may bring an action within the respective times limited by such sections after such disability is removed. Plaintiff maintains that since he was imprisoned when his alleged cause of action accrued, the statute of limitations does not commence to run until after he is no longer imprisoned.

■ This Court concludes that plaintiff is not under a disability pursuant to Ohio Rev.Code § 2305.16 for purposes of filing a 42 U.S.C. § 1983 action because of imprisonment. Rather, § 1983 is a vehicle for prisoners to raise assertions of deprivations of constitutional rights in this Court during their imprisonment. This Court is open and accessible to prisoners, and therefore, imprisonment for purposes of a § 1983 action, is not a disability. This Court agrees with Judge Cook in *Campbell v. Guy*, 520 F.Supp. 53, 55 (E.D.Mich.1981), *aff'd.*, 711 F.2d 1055 (6th Cir.1983), *cert. denied*, 464 U.S. 1051, 104 S.Ct. 731, 79 L.Ed.2d 190 (1984), and Judge Spiegel in his June 10, 1986 Order entered in *Vargas v. Jago*, 636 F.Supp. 425 (S.D.Ohio 1986). This Court must follow Ohio's tolling rule unless it is inconsistent with the policies underlying § 1983. A tolling rule which is based solely on incarceration in relation to § 1983 is inconsistent with federal policy and should not be applied.

Plaintiff's disability in this case is an issue of law, not an issue of fact. For purposes of a § 1983 action, imprisonment without more is not a disability which tolls the statute of limitations in a § 1983 action. *Perdue v. Handelman*, 68 Ohio App.2d 240, 429 N.E.2d 165 (1980), concerned the tolling of the statute of limitations in a negligence or malpractice action, is distinguishable from this case and has no impact on this § 1983 action.

Pursuant to *Mulligan*, plaintiff was obligated to file his Complaint in this § 1983 action within one year of the actions which plaintiff asserts gave rise to the Complaint. Plaintiff did not file his Complaint within one year. Further, Ohio Rev.Code § 2305.-16 does not toll the statute of limitations because in a § 1983 action, imprisonment at the time the cause of action accrues is not a disability. Consequently, this Court ADOPTS the Report and Recommendation of the United States Magistrate and GRANTS defendants' Motion for Summary Judgment as this action is barred by the applicable statute of limitations.

IT IS SO ORDERED.

## REPORT AND RECOMMENDATION OF THE MAGISTRATE

J. VINCENT AUG, Jr., United States Magistrate.

On the basis of the pleadings (docs. 9, 11, 13) we find plaintiff is barred from bringing this prisoner civil rights action because it was not filed within the one-year statute of limitations applied in *Mulligan v. Hazard*, 777 F.2d 340 (6th Cir.1985)

Plaintiff's contention that he should be considered under a disability (imprisonment) and be exempted from the statute of limitations is without merit. We note that plaintiff has filed twenty-four lawsuits from 1980 to the present, nine of them since his cause of action occurred on July 5, 1984, and one of which was filed two weeks from the day the incident in this case occurred.

It is therefore RECOMMENDED that defendants' motion for summary judgment be GRANTED.