MILLER, APPELLANT, *v.* STEVENS ET AL., APPELLEES.

(No. WD-87-17—Decided January 15, 1988.)

*Dennis E. Miller,* pro se.

*Betty D. Montgomery,* prosecuting attorney, and *Linda Holmes,* for appellees.

*Per Curiam.* Appellant, Dennis E. Miller, filed a complaint on June 27, 1986, alleging that his civil rights had been violated during his incarceration in the Wood County Jail between May 1984 and August 1984. In his complaint, appellant requested compensation and punitive damages pursuant to Section 1983, Title 42, U.S. Code and a declaratory decree pursuant to R.C. Chapter 2721.

The trial court found, among other things, that the claims of appellant made under Section 1983 were barred by the applicable Ohio statute of limitations, that being R.C. 2305.11. It is from this judgment that appellant filed a timely appeal and asserts as his sole assignment of error:

"The trial court erred to the substantial prejudice of plaintiff-appellant in dismissing the complaint by holding that the claims under 42 U.S.C. Section 1983 are barred by the statute of limitations.

"A. The tolling provisions of a statute of limitations are an integral part of a states [*sic*] limitations policies, and must be applied to state and federal cause of actions [*sic*] unless inconsistent with federal policy.

"B. The trial court cannot apply the decision in *Mulligan* v. *Hazard* retroactively to bar plaintiff's claims.

"C. The trial court erred to the substantial prejudice of plaintiff-appellant in refusing to apply the Ohio tolling statute, R.C. 2305.16.''

The first and third subdivisions of appellant's only assignment of error are closely interrelated and shall, therefore, be considered within the same general discussion.

Appellant first contends that the tolling provision of the Ohio statute, R.C. 2305.16, is part of the state's limitation policies and must be applied to all state and federal actions unless inconsistent with federal policy. He further asserts that the trial court's error in refusing to apply the tolling provisions of R.C. 2305.16 resulted in substantial prejudice to appellant.

In *Wilson* v. *Garcia* (1985), 471 U.S. 261, the United States Supreme Court addressed the question of the appropriate statute of limitations for civil rights claims brought pursuant to Section 1983, Title 42, U.S. Code. The court determined that the tort action for the recovery of damages for personal injuries was the best alternative. *Wilson, supra,* at 276. Therefore, and in accordance with that decision, the Sixth Circuit decided that the one-year limitations period as found in R.C. 2305.11 is, as a matter of law, the most appropriate statute of limitations for Section 1983 actions. *Mulligan* v. *Hazard* (C.A. 6, 1985), 777 F. 2d 340, certiorari denied (1986), 476 U.S. 1174, rehearing denied (1986), 478 U.S. 1031. See, also, *Thomas* v. *Shipka* (C.A. 6, 1987), 818 F. 2d 496, 498-499. However, the United States Supreme Court has further held that the tolling provision of a statute of limitations is also applicable to a Section 1983 action unless that provision or rule is inconsistent with federal law. See *Board of Regents* v. *Tomanio* (1980), 446 U.S. 478, 485-486.

Appellant argues that the tolling provision of R.C. 2305.16 is applicable

in the case at bar. R.C. 2305.16 provides, in pertinent part:

"Unless otherwise specifically provided in sections 2305.04 to 2305.14, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, if a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind, or *imprisoned,* such person may bring it within the respective times limited by such sections, after such disability is removed. * * *" (Emphasis added.)

Appellant claims that since he was imprisoned when his cause of action accrued, that the statute of limitations was tolled until he was no longer imprisoned. At first glance, it appears that appellant is correct. Case law exists which holds that imprisonment of a party at the time of the accrual of an action tolls the statute of limitations. *Austin* v. *Brammer* (C.A. 6, 1977), 555 F. 2d 142; *Perdue* v. *Handelman* (1980), 68 Ohio App. 2d 240, 22 O.O. 3d 398, 429 N.E. 2d 165; *Hawkins* v. *Justin* (1981), 109 Mich. App. 743, 311 N.W. 2d 465. Appellant insists that the aforementioned cases, particularly *Austin* v. *Brammer,* are the controlling authority in determining the application of a tolling provision.

Recent federal cases, however, in utilizing the standard set forth in *Tomanio,* have found that the imprisonment aspect of R.C. 2305.16 is inconsistent with federal law. *Vargas* v. *Jago* (S.D. Ohio 1986), 636 F. Supp. 425; *Perotti* v. *Carty* (S.D. Ohio 1986), 647 F. Supp. 39. See, also, *Campbell* v. *Guy* (E.D. Mich. 1981), 520 F. Supp. 53, affirmed (C.A. 6, 1983), 711 F. 2d 1055, certiorari denied (1984), 464 U.S. 1051.

In *Perotti,* the district court held that:

"* * * § 1983 is a vehicle for prisoners to raise assertions of deprivations of constitutional rights in this Court during their imprisonment. This Court is open and accessible to prisoners, and therefore, imprisonment for purposes of a § 1983 action, is not a disability. * * * A tolling rule based solely on incarceration * * * is inconsistent with federal policy and should not be applied." *Perotti, supra,* at 40.

Accord *Vargas, supra,* at 429; *Campbell, supra,* at 55-56.

Although the rule of the federal district and appellate courts is not binding on this court, their decisions are considered "most persuasive." *State* v. *Glover* (1978), 60 Ohio App. 2d 283, 287, 14 O.O. 3d 253, 255, 396 N.E. 2d 1064, 1067. This is especially true in this instance where "Congress intended the characterization of § 1983 to be measured by federal rather than state standards." (Footnote omitted.) *Wilson, supra,* at 270. Therefore, this court holds that imprisonment, standing alone, is not a disability which tolls the statute of limitations in a Section 1983 action.

Appellant cites *Jones* v. *Shankland* (C.A. 6, 1986), 800 F. 2d 77, certiorari denied (1987), 481 U.S. ____, 95 L. Ed. 2d 834, 107 S. Ct. 2177, as authority specifically addressing and controlling the application of the imprisonment clause of Ohio's tolling provision to Section 1983 suits. Appellant's reliance on *Jones* is misplaced because the issue in that case was whether a person free on bail is "imprisoned" for purposes of the tolling of the statute of limitations. *Jones, supra,* at 81. The question of the inconsistency of R.C. 2305.16 with federal law was never really addressed by the *Jones* court, nor did that court reaffirm its holding in *Austin.* In addition, *Perotti* was decided after *Jones* and reaffirms the Sixth Circuit's stance taken in *Vargas*

that incarceration is not of itself a disability which tolls the statute of limitations in a Section 1983 action.

Therefore, we find that the trial court did not err in its refusal to apply the tolling provision of R.C. 2305.16. Appellant was incarcerated in the Wood County Jail from May 1984 to August 1984 at which time the alleged violations of his civil rights occurred. Although imprisoned after this period, appellant could have filed a complaint under Section 1983 during the ensuing year. He did not file this cause until June 27, 1986, long after the statute of limitations period of one year had run. If a Section 1983 action is to bring about the desired effect of deterrence and rehabilitation, it must be filed promptly and imprisonment is no longer a rationale for failure to institute such an action. In other words, appellant had open and free access to the court system even though imprisoned. He cannot complain now of substantial prejudice because his claim is time-barred.

Appellant next asserts that R.C. 2305.11 cannot properly be applied retroactively to bar his Section 1983 claims. The *Mulligan* court expressly held that the one-year statute of limitations mandated by *Wilson* should be applied retroactively. *Mulligan, supra,* at 343-344. Furthermore, recent federal cases have held that *Mulligan* is *stare decisis* in the Sixth Circuit as to the issue of the retroactive application of R.C. 2305.11 to Section 1983 actions. See *Jones, supra,* at 80, and *Thomas, supra,* at 499. Moreover, at least two Ohio appellate courts have decided that retroactive application of the one-year statute of limitations set forth in *Mulligan* is controlling authority in Ohio thereby resulting in appellants' claims under Section 1983 being time-barred. *Arendt* v. *McFaul* (Feb. 26, 1987), Cuyahoga App. No. 52075, unreported; *Casto* v. *Obetz*

(June 26, 1986), Franklin App. No. 86AP-55, unreported. Thus, we hold that the rule enunciated in *Wilson* is retroactive and appellant's claim is time-barred by Ohio's one-year statute of limitations. Accordingly, appellant's sole assignment of error is found not well-taken.

On consideration whereof, we find that substantial justice has been done the party complaining. The judgment of the Wood County Court of Common Pleas is affirmed. It is ordered that appellant pay the court the costs of this appeal.

*Judgment affirmed.*

CONNORS, RESNICK and GLASSER, JJ., concur.