DODRILL, APPELLANT, *v.* LORAIN COUNTY SHERIFF ET AL., APPELLEES.

(No. 4292—Decided September 21, 1988.)

*Steven E. Dodrill, pro se.*
*Todd M. Raskin* and *Richard A. Williams,* for appellees.

BAIRD, P.J. This cause came before the court upon the appeal of Steven E. Dodrill from the trial court's dismissal of Dodrill's complaint for failure to state a claim upon which

relief can be granted. We reverse and remand.

Steven Dodrill, an inmate at the Chillicothe Correctional Institute, filed a civil complaint in the Lorain County Court of Common Pleas on July 31, 1987. Acting *pro se,* Dodrill sued the Lorain County Sheriff, the Lorain County Deputy Sheriff and the county of Lorain. In his complaint, Dodrill alleges that on October 10, 1985, a Lorain County deputy sheriff injured him when the deputy sheriff "maliciously pitched" him into the door frame of the vehicle that was being used to transport him from the Lorain County Jail to the Chillicothe Correctional Institute. Dodrill further avers that as a result of the deputy sheriff's willful and wanton act of throwing him into the truck, he struck his neck and head on the roof of the vehicle, sustaining serious injuries.

On September 16, 1987, the appellees moved to dismiss the complaint based on Civ. R. 12(B)(6). In the brief attached to the motion to dismiss, the appellees claim that the action is barred because it was not brought within the one-year statute of limitations for assault and battery actions. Dodrill did not respond to the motion. The trial court found that Dodrill's complaint failed to state a claim upon which relief should be granted for it was not timely brought. Dodrill appeals.

### Assignment of Error

"The trial court committed error prejudicial to plaintiff-appellant when it dismissed the complaint as barred on its face by the statute of limitations."

Dodrill claims that the trial court erred when it dismissed his complaint as barred by the statute of limitations because the period in which to file his complaint is tolled during his incarceration. We agree.

The Ohio Supreme Court articulated the standard for determining whether to dismiss a complaint for failure to state a claim in *O'Brien* v. *University Community Tenants Union, Inc.* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753. According to *O'Brien,* a court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Id.* at the syllabus. Under this standard, a court may only grant a motion to dismiss when the bar of the statute of limitations shows on the face of the complaint. *Velotta* v. *Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St. 2d 376, 23 O.O. 3d 346, 433 N.E. 2d 147. Where the complaint suggests that the bar is not effective, then the burden of asserting the defense and proving the bar remains on the defendant. *Durham* v. *Anka Research Limited* (1978), 60 Ohio App. 2d 239, 14 O.O. 3d 222, 396 N.E. 2d 799. Thus, the defendant must establish facts beyond the pleadings to substantiate his claim that the statute of limitations forecloses the plaintiff from suing. *Id.* at 244, 14 O.O. 3d at 226, 396 N.E. 2d at 803.

Under the standards set forth above, we find that Dodrill did allege a set of facts in support of his claim for relief including facts which show his claim was timely brought. In order to explain our reasons for this decision, we must first identify the causes of action present in Dodrill's complaint. From the facts alleged in the complaint, two causes of action can be adduced. One cause of action is a common-law claim of assault or battery while the other claim appears to be a federal cause of action for violation of his constitutional rights.

The appellees claim and the trial court apparently agreed that Dodrill alleged a deprivation of his constitutional rights under Section 1983, Title

42, U.S. Code. Pursuant to Section 1983, a prisoner has a valid claim for relief where he alleges that a state official, acting under the color of law, used excessive force[1] against his person which deprived him of his constitutional rights under procedural and substantive due process. See *Johnson* v. *Pike* (N.D. Ohio 1985), 624 F. Supp. 390; *Woods* v. *Dayton* (S.D. Ohio 1983), 574 F. Supp. 689. From the face of Dodrill's complaint, it is unclear whether Dodrill bases his claim on Section 1983. Nowhere does he plead a violation of his constitutional rights nor does he specifically invoke Section 1983 when describing his claim. If, however, Dodrill's factual allegations fall within the purview of a Section 1983 action, his claim is barred by the one-year statute of limitations.

Under a Section 1983 claim, the court must apply the state statute of limitations that governs the cause of action which most closely resembles the Section 1983 cause of action. See *Kilgore* v. *Mansfield* (C.A. 6, 1982), 679 F. 2d 632, 634. Dodrill's complaint sounds in assault and battery. R.C. 2305.111 requires that an action for assault or battery should be brought within one year after the cause of action accrues. Applying the statute to the case at bar, Dodrill's Section 1983 claim is barred because the assault allegedly happened on October 10, 1985 and he filed his complaint on July 31, 1987, more than a year after the cause of action arose. The savings clause set forth in R.C. 2305.16 does not enable Dodrill to overcome the one-year limitation period.

The savings clause provides that the statute of limitations is suspended during a party's imprisonment. Federal courts have refused to apply Ohio's savings clause because they feel that it is inconsistent with the federal policies of deterrence and rehabilitation that underlie Section 1983 claims. In *Vargas* v. *Jago,* the court explained that:

"We cannot help but believe that, in order to effect the rehabilitative purpose described above, as well as to deter prison officials from misconduct, quick resolution of disputes is vital. Promptness is even more important, we think, when a prisoner is complaining that his current incarcerators are violating, or have violated, his civil rights. To allow a prisoner one year after his release to bring his section 1983 suit neither would effect deterrence as to the alleged offender, nor rehabilitation as to the alleged victim. Thus, so long as the state system erects no barriers to the federal courts, we regard application of the state disability tolling statute to be 'inconsistent' with federal law." *Vargas* v. *Jago* (S.D. Ohio 1986), 636 F. Supp. 425, 429.

The federal courts require that the plaintiff must have been incarcerated at the time the action arose and in addition require that he must have been of unsound mind at the time of imprisonment. *Id.* The facts in Dodrill's complaint reveal only that he was incarcerated at the time of the alleged assault. Thus, he does not state sufficient grounds under a Section 1983 claim to overcome the one-year time limitation for bringing suit. *Miller* v.

---

[1] Factors used to determine whether the force used was excessive include "the need for the application of force, the relationship between the need and the amount of force that was used, the extent of injury inflicted, and whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." *Johnson* v. *Glick* (C.A. 2, 1973), 481 F. 2d 1028, 1033.

*Stevens* (1988), 37 Ohio App. 3d 179, 525 N.E. 2d 533.

Not only do the facts of Dodrill's complaint arguably state a Section 1983 cause of action, but they also state a common-law assault or battery action. Basically, the plaintiff has one year from the time the assault occurred to bring a civil action. R.C. 2305.111. Unlike a claim premised on Section 1983, the savings clause effectively tolls the time for filing suit for a claim premised on state law during a party's imprisonment. R.C. 2305.16 reads in pertinent part:

"* * * [I]f a person entitled to bring any action mentioned in such sections, unless for penalty or forfeiture, is, at the time the cause of action accrues, within the age of minority, of unsound mind or imprisoned, such person may bring it within the respective times limited by such sections, after such disability is removed.* * *"

Ohio courts hold that the savings provision is not triggered unless the party was incarcerated at the time the cause of action accrued. *Perdue* v. *Handleman* (1980), 68 Ohio App. 2d 240, 22 O.O. 3d 398, 429 N.E. 2d 165, paragraph two of the syllabus; *Paugh* v. *Fair* (1984), 16 Ohio App. 3d 128, 16 OBR 135, 474 N.E. 2d 653, syllabus. Recently, this court has applied R.C. 2305.16 to toll the time for filing a complaint by a prisoner who was incarcerated at the time his alleged injury arose. See *Day* v. *Natiowide Mut. Ins. Co.* (Sept. 16, 1987), Summit App. No. 13084, unreported.

Construing the facts as stating a cause of action for assault or battery, Dodrill's complaint indicates that he was imprisoned at the time the alleged assault or battery took place. Thus, Dodrill effectively overcomes the one-year time limitation imposed by R.C. 2305.111. According to *Durham* v. *Anka Research Limited, supra,* appellees cannot succeed on their mo-

tions to dismiss but must move beyond the pleadings and set forth facts which prove that the statute of limitations bars Dodrill's claim.

Based on the foregong reasons, we reverse the dismissal of Dodrill's complaint and remand this cause to the trial court for proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

QUILLIN and CACIOPPO, JJ., concur.