[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Plaintiff-appellant, Larry E. Brown, has appealed the November 4, 2002 judgment entry of the Franklin County Court of Common Pleas. Therein, the court denied appellant's Civ.R. 60(B)(5) motion for relief from judgment after concluding that appellant failed to show entitlement to the sought relief under any of the grounds enumerated in Civ.R. 60(B).
 {¶ 2} In June 1996, the events giving rise to this case unfolded with the death of appellant's wife, Joyce Brown. According to appellant, the couple was looking at possible investment property when Joyce accidentally backed the Jeep they had driven over a thirty-five-foot embankment. Several moments later, flames engulfed the Jeep, further preventing appellant's efforts to save her.
 {¶ 3} However, after an investigation by Hocking County authorities, appellant was indicted on charges of murder, arson and insurance fraud. Accused of murdering his wife by strangulation and setting the Jeep on fire to conceal his crime, appellant proclaimed his innocence and accused Hocking County officials of malevolent motivations behind their investigation. In the end, appellant was acquitted of the criminal charges.
 {¶ 4} In April 1998, as administrator of Joyce Brown's estate, Barry M. Snow ("appellee"), initiated a civil case against appellant. The complaint raised claims for wrongful death and survivorship and alleged that appellant intentionally killed his wife. On July 7, 1999, the "civil murder" trial commenced before a jury, which ultimately returned its verdict finding appellant liable for the intentional and felonious death of Joyce Brown. Therefore, on July 27, 1999, the trial court filed a judgment entry finding appellant liable for his wife's death and awarding $850,000 in damages to appellee.
 {¶ 5} Subsequently, appellant filed to appeal the trial court's judgment, as well as its disposition of several post-trial motions. Due to the untimely nature of the appeal, this court lacked jurisdiction to entertain appellant's arguments regarding the propriety of the trial court's judgment or a majority of the post-trial motions. However, appellant's final assignment of error challenging the trial court's denial of a Civ.R. 60(B) motion for relief from judgment was subject to our review. Still, appellant failed to satisfy the prerequisites for relief from judgment. We therefore affirmed the trial court's judgment. Snow v. Brown (Sept. 26, 2000), Franklin App. No. 99AP-1234 ("Brown I").
 {¶ 6} Prior to our ruling on appeal, appellant filed a second motion for relief from judgment. Appellant sought relief under the catch-all provision of Civ.R. 60(B)(5) on the grounds that the trial judge violated the Ohio Code of Judicial Conduct by allegedly making inappropriate comments indicating a negative bias against his case while it was an ongoing matter. The trial court granted part of the motion, which sought the recusal of the now accused judge, but denied the substantive relief due to appellant's failure to produce sufficient reliable evidence of any wrong-doing or prejudice by the court.
 {¶ 7} Undaunted, on April 30, 2001, appellant filed a third Civ.R. 60(B)(5) motion seeking to invalidate the original July 27, 1999 judgment. Therein, appellant asserted seven different grounds for relief. First, appellant claimed that his former attorney showed extraordinary neglect in prejudicing his right to appeal. He then alleged that the trial court abused its discretion by: (1) dismissing the jury before correcting a verdict signed by less than a three-quarters majority; (2) failing to issue a general verdict; and (3) allowing inadmissible evidence that was prejudicial to appellant's case. He also called attention to the alleged fraud committed upon the court by both the judge and opposing counsel in conducting an ex parte meeting. Appellant further submitted that opposing counsel participated in additional fraud upon the court by knowingly presenting erroneous information about appellant during the trial. Lastly, he claimed that officers of the court had allowed exculpatory evidence to "disappear" from their possession.
 {¶ 8} On June 11, 2001, the trial court filed a decision and entry denying appellant's motion. Specifically, in regard to any negligence of appellant's former attorney, the trial court found that it could not provide the requested relief based on the claimed neglect. The trial court further reminded appellant that a Civ.R. 60(B)(5) motion is not a substitute for a timely appeal on the merits of a case. Therefore, the arguments emphasizing the trial court's purported abuses of discretion pertaining to the jury verdict and the admission of evidence-concerns that could have been raised in a timely appeal-were inappropriately submitted and were not addressed. Furthermore, as to the alleged ex parte meeting and the behavior of several officers of the court, the trial court concluded that even assuming the allegations were proven true, appellant failed to establish that any fraud was perpetrated on the court. Rather, such claims are the subjects of merit appeals. Lastly, the trial court found that many of the claims were not brought within a reasonable amount of time.
 {¶ 9} On July 19, 2001, appellant filed another Civ.R. 60(B)(5) motion for relief from judgment. Reasserting that the original judge was engaged in inappropriate conduct disqualifying him from presiding over the trial, appellant claimed that the resulting judgment was void. However, on August 28, 2001, the trial court denied appellant's motion, finding that he had not demonstrated any grounds for the requested relief.
 {¶ 10} Appellant's efforts to appeal the denial of his motions in this court proved to be unsuccessful. See Snow v. Brown (Sept. 4, 2001), Franklin App. No. 01AP-243; Snow v. Brown (Feb. 14, 2002), Franklin App. Nos. 01AP-764 and No. 01AP-1018. Furthermore, on March 12, 2002, appellant's "motions for reconsideration" from the aforementioned appeals were denied. Snow v. Brown (Mar. 12, 2002), Franklin App. Nos. 01AP-764 and 01AP-1018. Therein, we noted that appellant's arguments and allegations were either mere extensions of past complaints about the conduct of the trial judge during the civil murder hearing or conspicuous attacks, unsupported by law or legal theory, on prior decisions made by prior courts. Therefore, his appeal was barred by res judicata. Id. Moreover, appellant's attempts to argue the issue of relief from his civil conviction before the Sixth Circuit Court of Appeals during litigation arising from a related insurance dispute were wholly rejected.
 {¶ 11} Steadfast in his efforts to have the July 27, 1999 judgment vacated, appellant filed yet another Civ.R. 60(B)(5) "motion for relief from a fraudulent verdict" on December 24, 2001. Still emphasizing his belief that he was denied due process and a fair trial, appellant continued to argue that fraud was committed on the court in order to obtain the disputed judgment. More particularly, appellant claimed that fraud on the court occurred in the following manner: (1) opposing counsel co-authored the trial courts findings of fact and conclusions of law; (2) appellant's attorney submitted a false affidavit; (3) the trial court accepted a $10,000 bribe to "fix" the case, engaged in ex parte meetings, and conducted the trial inappropriately; (4) jury tampering; (5) fraudulent destruction of court records; and (6) the trial judge's assignment was not journalized until after the conclusion of the hearing. Lastly, appellant prayed for relief based on his attorney's provision of inadequate legal services, as well as the intimidation and threats he suffered at the hands of a mysterious private detective "Guido" under the direction of opposing counsel.
 {¶ 12} In light of appellant's repeated accusations against the original trial judge, followed by more recent accusations against the second judge, a visiting judge was assigned to preside over the case. Oral hearings, conducted at appellant's request, were held on April 1, 2002, and May 15, 2002. Subsequently, on November 4, 2002, the trial court filed a detailed judgment entry denying appellant's motion on the grounds that he failed to demonstrate his entitlement to relief from judgment under any basis found in Civ.R. 60(B).
 {¶ 13} Three days later, appellant filed a notice of appeal from the November 4, 2002, judgment entry. Now before us are the following twelve assignments of error:
 {¶ 14} "1. The Fraud Hearing Court erred when it failed to require key witnesses to appear, after Judge Frost had been duly notified that key witnesses vital to the fraud hearing had expressed a flagrant lack of respect for the court and would not appear and did not in fact not appear.
 {¶ 15} "2. The Fraud Hearing Court unconscionably erred to the inherent prejudice to defendant when it totally failed to consider the Best Evidence Rule and in fact ignored all evidence, including all unrefuted evidence, ignored all evidence that did not favor the court's long time friend Judge Tommy Thompson.
 {¶ 16} "3. The Fraud Hearing Court erred by not being faithful to the Code of Professional Responsibility.
 {¶ 17} "4. The Fraud Hearing Court erred when it failed to respect, observe and be faithful to the Supreme Court Rules for the Government of the Judiciary of Ohio and the judicial misconduct compromised the result.
 {¶ 18} "5. The Fraud Hearing Court erred and compromised the reliability of the official proceedings when Judge Greg Frost failed to honor the Code of Judicial Conduct by willfully and deliberately violating Canons 1, 2, 3 and 4.
 {¶ 19} "6. The Fraud Hearing Court erred when it failed to consider the unrefuted, undenied evidence and sworn testimony of the enormous financial and ethical conflict of interests of Trial Judge Tommy Thompson who shut down for personal reasons the Jury trial on 5 of the 7 days available for testimony, which knowingly and grossly denied a full, fair trial before an impartial Judge for defendant who had two hours to put on the stand only 2 of his 34 listed witnesses.
 {¶ 20} "7. The Fraud Hearing Court erred when the court failed to consider the improper prejudicial participation of the Trial Judge in the 1999 Court proceedings that prevented defendant from presenting a full, fair defense before an impartial judge.
 {¶ 21} "8. The Fraud Hearing Court erred when it permitted unrefuted evidence of criminal misconduct of obstruction of justice, tampering with evidence and perjury to be totally ignored. Fundamental fairness, the U.S. Constitution, case law, and common sense require that evidence of "legal shenanigans" committed by agents and officers of the Court not to be ignored. Willful blindness by the Court is wholly and utterly inconsistent with the government's administration of justice and is egregiously unjust and unacceptable.
 {¶ 22} "9. The Frost Fraud Hearing Court erred when it willfully ignored clear evidence of criminal fraud on the court, obstruction of justice and unrefuted testimony of former Common Pleas Court Judge Charles Knight, who testified that perjury occurred, perjury that Larry Brown was prevented from defending against, and that exculpatory evidence was tampered with, and that exculpatory evidence was missing (confirmed by Prosecutor Larry Beal) from custody of the court, and additional exculpatory evidence was missing from custody of an agent of the court.
 {¶ 23} "10. The Fraud Hearing Court erred when Judge Frost failed to consider the unrefuted documented evidence of obstruction of justice committed by Plaintiff's compromised medical expert who unconscionably and deliberately, with out any evidence, changed the cause of death while keeping hidden his enormous conflict of interest."
 {¶ 24} "11. The Fraud Hearing Court erred when it failed to consider the cumulative effect of multiple infractions, glaring irregularities and egregious improprieties that substantially infected and impacted basic rights and grossly affected fundamental fairness.
 {¶ 25} "Fraudulent conduct that was extremely prejudicial to the defendant and unconstitutional.
 {¶ 26} "12. The Fraud Hearing Court erred by failing to provide relief when it was clear that defendant's counsel's multiple egregious conduct was more than "gross neglect" amounting to more than abandonment of the client and his case."
 {¶ 27} As is pertinent to this appeal, Civ.R. 60(B) states that, "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment." Id. A motion filed under this rule must be made within a reasonable time. Id. It is also important to note that a Civ.R. 60(B)(5) motion may not be used as a substitute for a timely appeal. State ex rel. Richard v. Cuyahoga Cty. Commrs. (2000),89 Ohio St.3d 205, 206. Thus, any errors that could have been raised or corrected by a timely appeal cannot act as the foundation for a Civ.R. 60(B) motion. Kelm v. Kelm (1992), 73 Ohio App.3d 395, 399. In reviewing the trial court's disposition of a Civ.R. 60(B) motion, we determine only whether the trial court committed an abuse of discretion, i.e., whether the decision is the product of an unreasonable, arbitrary or unconscionable court. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151.
 {¶ 28} While presented in various forms, appellant's case rests on the overriding theory that fraud was committed upon the court. That theory of relief does fall under the catchall provision of Civ.R. 60(B)(5) reflecting the court's inherent power to relieve a party from the unjust operation of a judgment. Volodkevich v. Volodkevich (1988),35 Ohio St.3d 152, 154, citing Caruso-Ciresi, Inc. v. Lohman (1983),5 Ohio St.3d 64. However, the concept must be "narrowly construed to embrace only that type of conduct which defiles the court itself, or fraud which is perpetrated by officers of the court so as to prevent the judicial system from functioning in the customary manner of deciding the cases presented in an impartial manner." Hartford v. Hartford (1977),53 Ohio App.3d 79, 84. See, also, Coulson v. Coulson (1983),5 Ohio St.2d 12, 15.
 {¶ 29} Although appellant's assignments of error are phrased to conform to the language of a Civ.R. 60(B)(5) challenge and conjure images of gross improprieties and conspiracy, most are simply exaggerated restatements of allegations already presented before the trial court or on appeal. The remaining claims merely reflect old accusations aimed at new targets. Thus, for the reasons that follow, we affirm the judgment of the trial court.
 {¶ 30} In his first assignment of error, appellant asserts that the trial court erred by failing to require a "key" witness to appear at the Civ.R. 60(B) evidentiary hearing. Essentially, appellant argues that the trial court itself thus committed a fraud on the court because, without that witness, the court was prevented from properly functioning. Appellant further suggests that the trial court purposefully prevented a "key" witness from taking the stand, which in turn indicates he was deprived of an impartial judge. Ingenious at best, appellant's argument must fail. First, it must be pointed out that appellant's argument regarding the impartiality of the court is comprised of nothing more than unsupported allegations and stretches of logic. That alone is reason to overrule appellant's assignment of error. Moreover, it is not the role of the trial court to single handedly ensure the presence of a subpoenaed witness-that is the role of the party who called that witness. A trial court generally does not act without a request that an uncooperative witness be held in contempt. Appellant failed to take that step. Appellant's first assignment of error is overruled.
 {¶ 31} In his second, third, fourth and fifth assignments of error, appellant asserts that the trial court ignored, failed to read, or acted contrary to the strength of the evidence presented, and otherwise joined in the efforts to "fix" his case. Although the best evidence rule, the Code of Professional Responsibility, the Supreme Court Rules for the Government of the Judiciary of Ohio, and the Code of Judicial Conduct are all specifically named in the actual assignments of error, nowhere in his argument does appellant address the topics. Nor does he present any behavior relevant to this controversy alluding to a violation of the aforementioned ethical guidelines. Rather, he continuously berates the trial court for, basically, not agreeing with his interpretation of the evidence, reverts back to attacking the merits of the original civil case, and discusses events that are completely irrelevant to his own case. There is no indication in the record that the trial court abused its discretion by acting in a prejudicial, arbitrary or unconscionable manner in reviewing the evidence. On the other hand, there is ample support for the trial court's evidentiary conclusions.
 {¶ 32} Appellant further asserts that the trial court conducted an ex parte meeting with him, during which he was maliciously misled as to the progress of the motion. Appellant explains that he went to the trial court's chambers in order to submit a copy of a brief filed shortly beforehand. Once there, the trial court inquired as to appellant's poor health and expressed concern and reassurance when appellant complained about opposing counsel's off hand comments. Ironically, in prior filings with the court, appellant interpreted that meeting very differently; indeed, he praised the trial court's intelligence and concern for the pro se litigant. However, when the judgment took longer to enter than appellant thought proper, and was decided against his interests, the meeting became yet another example of fraud. There is simply no evidence in the record before us to indicate that the trial court acted improperly in handling the instant proceedings. Nor is there reason to conclude that an abuse of discretion exists. Accordingly, appellants second, third, fourth and fifth assignments of error are not well taken.
 {¶ 33} Appellant's seven remaining assignments of error are restatements of allegations submitted in previous appeals. "When a motion * * * for relief from judgment has been denied, principles of res judicata prevent relief on successive, similar motions raising issues which were or could have been raised originally." Coulson, supra, at 17, citing Brick Processors, Inc. v. Culbertson (1981), 2 Ohio App.3d 478, paragraph one of the syllabus. Appellant has filed numerous Civ.R. 60(B)(5) motions for relief from judgment. On more than one occasion, courts have further inquired as to the propriety of granting appellant relief by reviewing the plausibility of his theories under the remaining grounds enumerated in Civ.R. 60(B). Yet, even if appellant's stated complaints were better suited to an alternative basis for relief, they have been time barred. Similarly, appellant continues to raise arguments suitable only for a merit review of the original July 27, 1999 judgment. However, as mentioned above, a Civ.R. 60(B) motion for relief is not an acceptable substitute for a timely appeal. Richard, supra. Appellant cannot bypass these jurisdictional limits by continuously rephrasing issues previously raised. Therefore, appellant's sixth, seventh, eighth, ninth, tenth, eleventh and twelfth assignments of error are overruled.
 {¶ 34} Based on the foregoing, we overrule appellant's twelve assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK, J., BRYANT, J., and PETREE, P.J., concur.